IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SUSAN M. LEWIS,<br><br>       Plaintiff,<br>   v.<br><br>STOPANTISEMITISM, a private entity, individually and doing business as STOPANTISEMITISM.ORG; and LIORA REZNICHENKO, an individual,<br><br>      Defendants. | Case No.: 3:25-cv-02082-AN<br><br><br>NOTICE OF HEARING QUESTIONS |

The Court requests that the parties prepare to address the following questions during the July 1, 2026 hearing.  The parties will be allowed additional time after addressing these questions to present any remaining arguments prepared on the motion to strike.  If helpful, the parties may additionally file a joint report addressing these questions ahead of the hearing.

1. ***Legal Standard.***  Both parties look to Oregon state case law for the legal standard in addressing defendants' special motion to strike.  However, under *Planned Parenthood Federation of America, Inc. v. Center. for Medical Progress*, 890 F.3d 828 (9th Cir. 2018), it appears that the standard of review is different when an anti-SLAPP motion is brought in federal court.  Under *Planned Parenthood*, the Federal Rule of Civil Procedure 12(b)(6) standard appears to be used when the motion to strike challenges a claim's legal sufficiency while the Rule 56 standard for summary judgment motions is used when motion challenges a claim's factual sufficiency.  Defendants' motion is styled alternatively as a motion to dismiss, suggesting that this is a legal challenge.  Do the parties agree that the standard differs under *Planned Parenthood* when an anti-SLAPP motion is brought in Federal Court?  Do the parties agree that defendants present a legal challenge here and thus that the Rule 12(b)(6) standards should apply?

2.  ***Appropriate Deadline.***  In *Sarver v. Chartier*, 813 F.3d 891 (9th Cir. 2016), the Ninth Circuit held that the similar 60-day deadline set by California's anti-SLAPP statute did not apply in federal courts to special motions to strike that sound in Rule 56.  If defendants' motion instead sounds in Rule 12(b)(6), should the deadline be defined by Oregon's anti-SLAPP statute or by the Federal Rules?

3.  ***Federal Rule Deadline.***  If the Federal Rules were to apply, it appears that defendants' motion would have been due by November 14, 2025, under Federal Rule of Civil Procedure 81(c)(2)(C) (i.e., seven days after defendants filed their notice of removal on November 7, 2025).  Do the parties agree that November 14, 2025, is the appropriate deadline under the Federal Rules?

4.  ***Federal Extension Standard.***  If the Federal Rules were to apply, then it appears that the Court's discretion to extend that deadline would be governed by Rule 6(b).  Defendants did not seek an extension prior to filing their motion.  Accordingly, it appears that Rule 6(b)(1)(B) would control, which only allows the Court to extend the deadline on a party's motion, and if the party failed to act because of excusable neglect.  Do the parties agree that the excusable neglect standard would be the appropriate standard under the Federal Rules?

5.  ***Excusable Neglect.***  If the Court were to apply that Rule 6(b)(1)(B) standard, it does not appear that defendants have moved for an extension or shown excusable neglect.  Defendants state on page 18 in their reply that (1) "it became apparent on the due date that due to an internal miscommunication, an additional one or two business days' work was required," (2) defense counsel "reached out to opposing counsel and understood that there was no objection to delaying the filing," and (3) "no formal stipulation was entered."  It thus appears that defendants knew ahead of time that their filing would be untimely and that they chose not to seek leave or file a stipulation.  Should the Court find excusable neglect in this situation?  Why or why not?

6.  ***Need for Discovery.***  Under *Planned Parenthood*, a federal court must allow the parties to engage in discovery before ruling on a special motion to strike that raises a factual challenge.

    a.  ***First,*** if the Court were to construe the motion as filed as a legal challenge, would either party object to the Court converting the motion into a factual challenge, provided time for discovery was allowed if needed?  If so, what is the basis for the objection?

    b.  ***Second,*** if the Court were to treat this motion as a factual challenge, would either party want additional discovery before the Court were to rule on the motion?  If so, what is the expected scope of that discovery and how long would each party anticipate needing?

IT IS SO ORDERED.

DATED this 8th day of June, 2026.

_____
Adrienne Nelson
United States District Judge